| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) No. 2:16-CR-107 |
| | ) |
| AMBER REILLY | ) |

MEMORANDUM OPINION AND ORDER

This Court conducted a sentencing hearing on January 30, 2017. At the hearing, the Court took up the defendant's 24 objections, heard from witnesses and admitted exhibits. Ultimately, however, the Court deferred ruling on the objections until a written opinion could be entered. The Court now addresses the objections and groups them into two categories: factual objections (1) where the defendant previously stipulated to these facts in her Plea Agreement, and (2) where this Court must make factual findings based on the evidence presented at the hearing. Specifically, the factual objections relate to two Guidelines objections in paragraphs 41 and 43 for the defendant's role in the offense and obstruction of justice.[1] Generally, the objections relate to the defendant's motivation in committing the crime. The Court will address all of these factual objections within that framework.

With respect to the first group of factual objections, the defendant signed the Plea Agreement, swore under oath at the change of plea hearing that she had read and understood the Plea Agreement, and, importantly, admitted under oath that the factual stipulation was true and correct. *Blackledge v. Allison*, 431 U.S. 63 (1977), holds that a defendant is bound by both her

---

[1] The defendant states in her filed objections, [Doc. 12], that she objects to paragraph 41 of the presentence report for the two-level enhancement for her role in the offense and paragraph 42 for the two-level increase for obstruction of justice. However, the obstruction of justice enhancement was applied in paragraph 43.

explicit and implicit statements to the court during her change of plea and sentencing hearings. To allow the defendant to now disavow her plea agreement and her sworn statements would be to make a mockery of the defendant's oath and lend the Court's imprimatur to the practice of a defendant providing false answers under oath during plea colloquies. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir.), *cert. denied*, 528 U.S. 847 (1999)). As such, any factual objections which contradict the facts stipulated to in the Plea Agreement are OVERRULED.

As to the second group of factual objections, the Court will first address the two Guidelines objections. The parties agree that the ruling on these objections rises and falls upon this Court's credibility determination concerning the defendant and government witness Brianna Brock. Still, the Court will discuss each objection separately.

Section 3B1.1(c) states, "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." USSG § 3B1.1(c). The Court listened carefully to the defendant's and Ms. Brock's testimonies. The Court FINDS Ms. Brock's testimony credible and the defendant's testimony incredible. Ms. Brock testified that the defendant was her supervisor at the Walgreens pharmacy where she worked. The defendant instructed Ms. Brock on how to alter the prior approval forms and lab reports to ensure that the Hepatitis C prescription would be filled and then paid for by TennCare. The Court credits Ms. Brock's testimony that the defendant showed her how to use the computer to change the fibrosis score and then how to paste that change on the lab form so that the prescription would qualify for payment. As such, the defendant's objection to the two-level enhancement pursuant to section 3B1.1(c) is OVERRULED.

Section 3C1.1 states, "If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution,

or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels." USSG § 3C1.1. Again, the Court credits Ms. Brock's testimony on this issue. Ms. Brock testified that she received a text message from the defendant on June 8, 2016. The text instructed Ms. Brock to call the defendant. Ms. Brock followed her instructions and called the defendant. The defendant then informed Ms. Brock that the Tennessee Bureau of Investigation had delivered a subpoena to Walgreens that day. The defendant further instructed Ms. Brock to destroy any records that appeared to have been altered. Ms. Brock followed the defendant's instructions and placed the altered records in the disposal pile for the disposal company to pick up and destroy. Those records were in fact picked up by the disposal company and destroyed. Based on these facts, which the Court credits, the application of section 3C1.1 was appropriate. The defendant's objection is OVERRULED.

In addition, there is an alternative basis for applying the section 3C1.1 obstruction of justice enhancement. As this Court previously stated, the defendant's testimony is incredible. In addition, however, the defendant admitted in the course of her testimony that she lied while under oath at her change of plea hearing. Perjury certainly constitutes obstruction of justice for section 3C1.1 purposes. The Court will not tolerate such insolence. For this independent reason, the enhancement applies, and the objection is OVERRULED.

Although not particularly necessary, the Court will, nevertheless, address the issue of the defendant's motivation for committing the crime. The defendant claims altruistic reasons for her fraud. She claims that she felt sorry for the patients who could not receive the prescriptions, so she altered to records in order for them to receive the medication. Again, the Court FINDS the defendant's testimony incredible on this issue to a degree. The Court further FINDS that the

3

defendant's actions were motivated at least in part by self-promotion and aggrandizement. Walgreens had a set formula for how its employees were to receive bonuses. The defendant's fraud likely increased her chances of receiving bonuses because it increased the total number of prescriptions filled and because it increased customer satisfaction. The customers were getting prescriptions filled that they were not entitled to under TennCare. Both of these are factors included in Walgreens' formula for bonuses. In addition, the Court's conclusion is further supported by Exhibit 1 to the hearing, the defendant's performance evaluations. It is clear from Exhibit 1 that the defendant's actions were motivated by her ambition, not just altruistic motives.

Finally, this Court must address the two-level decrease for acceptance of responsibility pursuant to section 3E1.1(a) and one-level decrease pursuant to section 3E1.1(b). First, the defendant admitted to lying under oath at the change of plea hearing. Second, this Court has found that her testimony at the sentencing hearing was incredible. For example, the defendant's testimony regarding when and how she learned of the TBI subpoena was inconsistent. In addition, she testified that she did not instruct Ms. Brock to falsify some of the documents and that she did not instruct her to destroy altered documents. Committing perjury in this manner disqualifies the defendant from the benefit of the acceptance of responsibility adjustment. *See United States v. Gilbert*, 173 F.3d 974, 974 (6th Cir. 1999) (Defendant was not entitled to reduction for acceptance of responsibility, given district court's finding that defendant repeatedly perjured himself during sentencing hearing.).

For the reasons stated above, all of the defendant's objections are OVERRULED. In addition, the defendant is no longer entitled to the three-level reduction for acceptance of responsibility. As such, the defendant's total offense level is 28. Her criminal history category

4

remains I. Her Guidelines range is now 78 to 97 months with a fine range of $25,000 to $250,000.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE